FILED

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

98 MAR 26 PM 1:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **VERONICA LITTLE,** | ] |
| Plaintiff, | ] |
| vs. | ] CV 97-N-0503-W |
| **ALVIN CARLTON GILBERT, et al.,** | ] |
| Defendants. | ] |

**ENTERED**
MAR 26 1998

**Memorandum of Opinion**

In this employment discrimination action, plaintiff Veronica Little ("Little") sued her former employer and several individual defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"), and pursuant to the law of the State of Alabama. *Complaint* at ¶ 1. Little named the following defendants: (1) Alvin Carlton Gilbert ("Gilbert"), allegedly the pastor of Porter St. Paul CME Church in Northport, Alabama ("the Church"), and allegedly Little's former immediate supervisor; *Id.* at ¶ 6; (2) James H. Lowe ("Lowe"), allegedly the Presiding Elder of the Tuscaloosa District of the North Alabama Conference where the Church is located, and allegedly Gilbert's immediate supervisor; *Id.* at ¶ 7; (3) Richard O. Bass, Sr. ("Bass"), allegedly the Presiding Bishop of the Fifth Episcopal District of the Christian Methodist [Episcopal] Church, which comprises Alabama and Florida, and allegedly the official who appointed Little and Gilbert to their respective positions at the Church; *Id.* at ¶ 8; and (4) The Christian Methodist Episcopal

Church ("CME"), allegedly the international church body, of which the Fifth Episcopal District is a member;[1] *Id.* at ¶ 9.

In her complaint, Little alleges that she was appointed by Bass to serve as Assistant Pastor of the Church under Gilbert's supervision. *Id.* at ¶¶ 11-12. She further alleges that she was the victim of unwanted sexual advances by Gilbert, and that when she refused his advances, he terminated her employment. *Id.* at ¶¶ 18-25. Then, she alleges that she sought relief from her employer's "administrative process." *Id.* at ¶¶ 26-28. Accordingly, Little alleges unlawful sexual harassment gender discrimination and retaliation in violation of Title VII, and she alleges intentional infliction of emotional distress and breach of contract, in violation of the laws of Alabama. Id. at ¶¶ 29-39.

The court now has for consideration motion for partial summary judgment by Gilbert, Lowe and Bass (collectively "individual defendants"), filed February 17, 1998. The motion has been fully briefed and the court has heard oral argument on the motion. Accordingly, the motion is ripe for decision, and upon due consideration, it is due to be granted.

I.  **Statement of Facts.**

For the purposes of the pending motion for partial summary judgment, this set of facts is undisputed.[2] Little was employed by the Church. In July of 1995, Bass appointed

---

[1] Little has failed to perfect service upon defendant CME, and after over one year having passed since Little filed her complaint, CME was dismissed from this lawsuit without prejudice.

[2] These facts set are gleaned from the parties' submission of facts. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

2

Gilbert as pastor of the Church. In August of 1995, Little was relieved of her duties as assistant pastor at the Church.

On September 5, 1995, Little notified Lowe that certain charges against Gilbert needed to be addressed. On January 17, 1996, Little notified Bass of these charges, and that they were not being addressed. On March 15, 1996, Little notified "Bishop Linsey"[3] of these charges, and that they were not being addressed. On April 4, 1996, "Bishop Lindsey" agreed to act upon Little's charges. In April of 1996, the Judicial Council agreed to address Little's charges. On June 12, 1996, Little informed the Judicial Council that they had failed to render decisions on particular issues brought to their attention.[4] On June 28, 1996, the Judicial Council declined to render a decision on Little's unaddressed allegations.

On August 1, 1996, Little filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII. On December 2, 1996, little received her "right-to-sue" letter from the EEOC. On February 28, 1997, Little filed this lawsuit.

## II.     Summary Judgment Standard.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

---

[3] In her statement of facts, Little does not otherwise identify this individual. *Response to Defendant's Motion for Partial Summary Judgment* at 1. However, in her statement of facts, she refers the court to a letter addressed to Bishop Nathaniel Linsey of Cincinnati Ohio. *Id.* at Tab 5.

[4] In support of this fact, Little cites the court to a letter dated June 28, 1996, addressed to Little, and signed by Emma I. Darnell, President of the Judicial Council of CME. *Response to Defendant's Motion for Partial Summary Judgment* at Tab 9. In this letter, Ms. Darnell references a letter she received from Little, dated June 12. *Id.* Although defendants dispute the fact that Little "informed the Judicial Council that they had failed to render decisions on particular issues brought to their attention," they do not cite evidence creating a genuine dispute. *Movant's Reply to Additional Facts Submitted by Opposing Party* at ¶ 9.

3

if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movants can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex*, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

4

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 745 n.11(1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movants is to be believed and

all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## III. Discussion.

In their motion for partial summary judgment, the individual defendants assert that they should be dismissed from this lawsuit. First, they assert that they are not liable for Little's claims of sexual harassment under Title VII because they are not "employers" within the meaning of the act and because Little's Title VII claims are time-barred by the applicable statute of limitations. Second, the individual defendants assert that they are not liable for Little's claim of retaliation under Title VII because they are not "employers" within the meaning of the act and because Little can not make out a *prima facie* case of retaliation. Third, Bass and Lowe assert that they are not liable for any of Little's claims under Title VII because she did not name them as responsible parties in her EEOC charge. Finally, all the individual defendants assert that, once the court dismisses Little's Title VII claims against them, then her "pendent" state law claims may be dismissed for lack of subject matter jurisdiction.

First, considering the individual defendants' assertion that they are not "employers" within the purview of Title VII, the court acknowledges that the Circuit Courts of Appeal are split on the issue of whether individuals may be held liable under the Title VII definition of "employer." *See* 42 U.S.C. § 2000e(b) (definition of "employer"); 42 U.S.C. § 2000e-2(a) (violation for "employer" to discriminate); 42 U.S.C. § 2000e-3(a) (violation for "employer" to retaliate); 42 U.S.C. § 2000e-5(g) (relief against employer for violations). The Fifth,

Ninth, Tenth Circuits have held that individual liability may not be imposed against supervisory or management personnel under Title VII. *See Harvey v. Blake*, 913 F.2d 226, 227-28 & n. 2 (5th Cir.1990) (supervisors are liable as an agent of the employer and therefore "any recovery to be had must be against [said supervisor] in her official capacity"); *Grant v. Lone Star Co.*, 21 F.3d 649, 651-53 (5th Cir.1994), petition for cert. filed Aug. 25 1994; *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587-88 (9th Cir.1993), *cert. denied*, 510 U.S. 1109 (1994); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993). On the other hand, the Fourth and Sixth Circuits have allowed individual liability to be imposed. *See Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir.1989), *aff'd in pertinent part*, 900 F.2d 27 (4th Cir.1990) (en banc); *Jones v. Continental Corp.*, 789 F.2d 1225, 1231 (6th Cir.1986); *but see Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir.1994) (distinguishing *Paroline* and holding that actions against decision-makers may not be maintained under ADEA). However, that Eleventh Circuit has clearly weighed in with the majority of circuits that have ruled on this issue, holding that "[i]ndividual capacity suits under Title VII are . . . inappropriate." *Busby v. Orlando*, 931 F.2d 764, 772 (11th Cir. 1991); *see also Clanton v. Orleans Parish School Bd.*, 649 F.2d 1084, 1099 & n. 19 (5th Cir.1981).[5] Therefore, under binding precedent in this circuit, Little can not maintain her Title VII claims against the individual defendants as a matter of law.[6]

---

[5] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[6] The court does not reach the individual defendants' other assertions with regard to their liability to Little under Title VII because the court's holding that the individual defendants are not "employers" within the meaning of Title VII is dispositive all Little's Title VII claims against them.

Once the court dismisses Little's Title VII claims against the individual defendants, Little has no federal claims remaining in this lawsuit. The only other defendant, CME, has been dismissed for lack of service of process. Therefore, this court lacks an independent source of subject matter jurisdiction over this lawsuit. Accordingly, Little's state law claims for intentional infliction of emotional distress and breach of contract against the individual defendants are due to be dismissed without prejudice.

## IV. Conclusion.

Accordingly, the motion for summary judgment by defendants Alvin Carlton Gilbert, James H. Lowe and Richard O. Bass, Sr. is due to be granted. The claims against these defendants pursuant to Title VII are due to be dismissed with prejudice, and the claims against these defendants pursuant to the laws of the State of Alabama are due to be dismissed without prejudice. An order conforming to these findings will be entered contemporaneously with this opinion.

Done, this 26th of March, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE